**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GOLABS, INC. *d/b/a* GOTRAX,** *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION CAUSE NO. 3:19-CV-1019** |
| **HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. LTD.**, *a Chinese Company*, **SHENZHEN HONGYI INTELLIGENT ELECTRONIC TECHNOLOGY CO., LTD,** *a Chinese Company*, ***d/b/a*** **FLYING-ANT, UNICORN GLOBAL, INC.**, *a California Corporation*, **HONGRONG YU,** *individually,* **JING CUI**, *individually*, ***Defendants.*** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT (IN UNITED STATES COURT) AND NOTICE OF SISTER LAWSUIT AND INTENT TO SEEK TRANSFER PURSUANT TO LOCAL PATENT RULES**

---

**TO THE HONORABLE COURT**

Plaintiff, GOLABS, INC. *d/b/a* GOTRAX, files this PLAINTIFF'S ORIGINAL COMPLAINT, complains of the conduct of Defendants, and would show this Court the following:

## I.
## NATURE OF THE SUIT

1. This lawsuit is in response to Defendant Hangzhou Chic and Defendant Shenzen HongYi engaging in modern day cyber warfare at the corporate level on the battlefield of *Amazon.com*.

2. This is then followed up by Shenzen HongYi, Jing Cui, and Hongrong Yu attempting to enforce Defendant Chic's demanding monies from Plaintiff and/or Plaintiff's parent organization in order to stop the cyber war being wage on the battlefield of *Amazon.com*.

3. This action is brought pursuant to the common law and statutes of the State of Texas to recover for tortious interference of an ongoing business relationship or contract and for violation of Federal Civil Rico under United States law.

4. This action is also brought for declaratory judgment that Plaintiff has not infringed on the patents as alleged the emails to Amazon.com and/or Walmart.com related to Title 35 of the United States Code.

## II.
## NOTICE OF SISTER PATENT LITIGATION

5. Given the documents presented to Plaintiff (EXHIBIT C) and the demands for money (in the form of signing a license agreement) otherwise Plaintiff would be punished in the form of a patent lawsuit in the United States. Chic, Unicorn, and another company filed suit against Plaintiff in the Northern District of Texas under Title 35 of the United States Code (No. 3:19-CV-00754) alleging patent infringement, which is pending before the Honorable Judge Godby.

6. This Matter should be transferred/referred (BUT NOT CONSOLIDATED) to Judge Godbey's Court pursuant to Local Rule 42.1 and Local Patent Rule 1-2.

## III.
## THE PARTIES & SERVICE CITATION

7. Plaintiff GOLABS, INC. *d/b/a* GOTRAX is a Texas corporation (hereinafter referred to as "GoLabs" or "Plaintiff") with a principal place of business located in Dallas County, Texas.

8. Defendant HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. LTD. (hereinafter referred to as "Hangzhou Chic") is a Chinese Company. On information and belief, it may be served with process at 2/F, No. 2 Building, Liangzhu University Science and Technology Park, No. 1Jingyi Road, Liangzhou, Hangzhou, 311112, P.R. China.

9. Defendant UNICORN GLOBAL, INC. is a California corporation (hereinafter referred to as "Unicorn"). Its principal place of business being reported as the greater Los Angeles, California area. It may be served with process by serving its registered agent JING CUI at 18333 Gale Ave. City of Industry, CA 91748.

10. Defendant JING CUI is a natural person. She may be served with process at 18333 Gale Ave. City of Industry, CA 91748 or wherever found.

11. Defendant SHENZEN HONGYI INTELLIGENT ELECTRONIC TECHNOLOGY CO., LTD, (hereinafter referred to as "Shenzen HongYi") *d/b/a* FLYING-ANT is a Chinese company. On information and belief, Shenzen HongYi is the parent company of Unicorn Global, Inc. Its principal place of business is: No. 43 Lan Second RD. Longxin Area. Longgang District Shenzen. Guangdong 518000 CHINA. It may be served with process at that location. It may be served with process through its CEO, Hongrong Yu, at 18333 Gale Ave. City of Industry, CA 91748.

12. Defendant HONGRONG YU is a natural person. Based on information and belief, he is a citizen of the People's Republic of China (China). He may be served with process at: No. 43 Lan Second RD. Longxin Area. Longgang District Shenzen. Guangdong 518000 CHINA or wherever he may be found.

## IV.
## JURISDICTION & VENUE

13. Plaintiff is a Texas corporation and citizen of the State of Texas. Defendants HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. LTD, SHENZEN HONGYI INTELLIGENT ELECTRONIC TECHNOLOGY CO., LTD, and HONGRONG YU are citizens of the People's Republic of China. Defendant UNICORN GLOBAL, INC. is a citizen of the State of California.

14. As elaborated on further, below, this Court can exercise personal jurisdiction over the Defendants pursuant to *Calder v. Jones*, 465 U.S. 783 (1984) because directing tortious conduct

at a specific entity or person places the tortfeasor on notice that he or she may be hailed into Court in that jurisdiction.

15. Plaintiff, since early January 2019, has had several products pulled from listing on the popular website *Amazon.com* where Plaintiff would routinely sell hundreds of units of *self-balancing hoverboards* under the *d/b/a* and brand of GOTRAX. It is currently March 2019. Two months of missed sales have occurred and will continue to occur. Currently, the Plaintiff's raw gross sales loss is estimated to be over $500,000.00.

16. Plaintiff is also losing its *Amazon.com* ranking which contribute to its sales and sales volume. This ranking has a monetary value created by Plaintiff's agent's time, toil, and effort.

17. Venue is proper in Dallas County, Texas pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code because a significant portion of the actions and omissions giving rise to the cause of action occurred in Dallas County, Texas, including where the effect of the tortious conduct was felt. *See Calder v. Jones*, 465 U.S. 783 (1984).

18. Defendant HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. LTD is a Chinese company doing business in the United States and directing tortious acts toward the United States, toward the State of Texas, and toward Plaintiff in Dallas County, Texas because Plaintiff and one of the Amazon Defendants are engage in an ongoing business relationships in the State of Texas, County of Dallas, where Plaintiff sells products through the popularly known website *Amazon.com* and where Plaintiff's corporate headquarters operates. This is the same for Defendant Unicorn because it also was apart of this same course of conduct. This is also the same for Defendant SHENZEN HONGYI INTELLIGENT ELECTRONIC TECHNOLOGY CO., LTD, which is believed to be the parent company of Defendant Unicorn and is acting through Unicorn as a shell.

Based on information and belief, Defendant Unicorn is not really engaged in business in California, Defendant Shenzen HongYi is there *doing business as* Flying Ant.

19. Specific, Personal Jurisdiction over foreign Defendants is permissible in Texas under the Texas Long-Arm Statute because Defendant HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., Defendant UNICORN GLOBAL, INC. and SHENZEN HONGYI INTELLIGENT ELECTRONIC TECHNOLOGY CO., LTD are engaged in tortious conduct in whole or in part in the State of Texas by engaging in a systematic and concerted effort to undermine Plaintiff's sell of its products through the popular website *Amazon.com* by filling complaint after complaint after complaint in, 2018 and in 2019, to have Plaintiff's products pulled and left unsold through a series of repeated false claims of infringement on their IP. *See* TEX. CIV. PRAC. & REM. CODE ANN. §17.042(b) (West 2017); *Calder v. Jones*, 465 U.S. 783 (1984). Plaintiff is a Texas company doing business in Texas.

## V.
## EXHIBITS

20. The Plaintiff includes in this petition the following Exhibits:

a. EXHIBIT A– Photo of the Business Card for Defendant Hongrong Yu.

b. EXHIBIT B – Opinion Letters of Non-Infringement

c. EXHIBIT C – The Proof of Excessive Demands

## VI.
## FACTUAL BACKGROUND

21. **Synopsis. This case is about ongoing Chinese cyber-attacks.** The Chinese company, HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. LTD, (hereinafter referred to as "Hangzhou Chic") is engaged in a systematic and concerted efforts to block, attack, and undermined Plaintiff's business operations in the State of Texas.

22. Plaintiff brings claims of Tortious Interferences, Civil Rico, and Declaratory Judgment.

**ATTACKS THROUGH AMAZON**

23. GoLabs, Inc. *d/b/a* as GoTrax, *inter alia*, sells hoverboards[1] through the *Amazon.com* website. GoLabs, Inc. possess a Chinese patent for these hoverboards and has an application pending for its parallel United States Patent. GoLabs and Amazon.com entered into an agreement to be able to sell their products through the *Aamazon.com* website. GoLabs and Amazon.com have an ongoing business relationship where Plaintiff sells products through Amazon.com that has not set termination date and expected to continue into the prospective future.

24. During the course of 2018, GoLabs, Inc. has suffered and continued to suffer systematic and continuous attacks on its products and goods. Namely that complaints are being lodged with one of the Amazon Defendants, or a subsidiary, claiming that Plaintiff's products infringe on patent rights of Defendant Hangzhou Chic.

25. On or about January 3, 2019, Amazon.com, or affiliate or subsidiary, sent Plaintiff an email notice that Amazon received an IP complaint referencing US Patent No. D738,256 and that the complaint was by Defendant HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. LTD ("Defendant Chic" or "Chic"). The following Table is a breakdown of the complaints, alleged design patent being infringed upon, and the ASIN (product) number for Plaintiff's hoverboards being complained about. Based on information and belief, in each of the complaints to Amazon.com, Defendants Chic and Unicorn identified Plaintiff's products with the ASIN number.

| APPOX. DATE OF THE COMPLAINT | COMPLAINTANT'S NAME | COMPLAINT ID NUMBER SET BY AMAZON | PLAINTIFF'S PRODUCT'S ASIN NUMBERS | DESIGN PAT. ALLEGEDLY BEING INFRINGED |
|---|---|---|---|---|
| 1/3/2019 | Hangzhou Chic | 5670542371 | B07G41YQRD | D738256 |
| 1/4/2019 | Hangzhou Chic | 5673681391 | B07DXNCX6D | D738256 |
| 1/7/2019 | Hangzhou Chic | 5680697841 | B07DXNCX6D | D738256 |
| 1/8/2019 | Hangzhou Chic | 5681455891 | B07DXMH1QM | D785112S |

[1] Two-wheel, electric boards that are self-driving, some even being self-balancing and assisted balancing.

| | | | | |
|---|---|---|---|---|
| | | | B07G41VRKZ<br>B07G42H6H2<br>B07G45C7QH<br>B07G41YQRD<br>B07DXPSQ9BL | |
| 1/25/2019 | Hangzhou Chic | 5718438401 | B07G499VJ2 | D785112S |
| 2/13/2019 | Hangzhou Chic | 5783494571 | B07DXMH1QM<br>B07G41VRKZ<br>B07G499VJ2<br>B07G42H6H2<br>B07G45C7QH<br>B07G41YQRD<br>B07DXPSQ9BL<br>B07G42MMMC | D785112S |
| 2/22/2019 | Unicorn Global | 5821326431 | B07M8P21JVQ | D738256S |

26. Amazon provided Amazon Complaint ID No. 5670542371. And to be clear, Defendant Hangzhou Chic alleged infringement on a DESIGN PATENT and not a utility patent.

27. On or about January 20, 2019, Amazon sent Plaintiff another email notice of complaint about more of Plaintiff's products. The second Amazon Complaint ID No. 5718438401

28. This continued into February 2019. Plaintiff continued to work with the Amazon Defendants' employees to resolve the conflict and exchanged emails in the process.

29. Finally, Defendant Unicorn filed a complaint as well, which upon information and belief is an affiliate or subsidiary company of Defendant Hangzhou Chic.

30. Ultimately, the Amazon Defendants were unable to resolve this conflict and instructed Plaintiff it needed to seek legal recourse against Defendants Unicorn and Hangzhou Chic to protect Plaintiff's Rights. Specifically, Strategic Account Manager Francesca Smith stated in her February 15, 2019, email "At this point, GoLabs next best course of action is to obtain legal counsel to guide you on next steps. The rights owner will need to retract their claim before we can reinstate your ASINs. The issue ultimately lies between the patent owner and GoLabs, so unfortunately, I am not able to provide additional support on this dispute."

31. But after continued negotiations with the Amazon.com, and independent analysis by an independent IP firm, the ION brand of GoTrax hoverboards is just now back up and selling on *Amazon.com* after nearly 10 weeks off the market.

32. From the table above, Defendants Chic and Unicorn alleged, to *Amazon.com*, violation of a design patent. Plaintiff's products are markedly different from the design patents. *See* **EXHIBIT B**. This includes: (1) the wheels are completely different, one has the brand logo on the side and the GoTrax does not; (2) the foot pads are very different, the overall shapes/styles and sizes are different, the GoTrax are a rounded U-shape while the Defendants are more squared at the top; (3) the led lights are completely different shapes between the two and function different, specifically, GoTrax lights change based on movement path and it is believed that Chic's just turn on and off; (4) GoTrax wheels are a different shape and size with some having lights around, while Chic's use an aluminum hubcap like plate on the end without a light and an ornamental design that is unique to Chic and not on Plaintiff's; (5) the battery indicator lights (on top) are very different between the two; (6) the bottom of the hoverboards are different shapes and sizes; and (7) the GoTrax logo/statement is pronounced on the front of its hoverboard.

33. These differences are so obvious and clear to an ordinary observer that Defendants acted in bad faith and are acting in bad faith with regard to the differences between the two. For instances, Defendants Chic and/or Unicorn have made it common practice to file suit and then settle quickly the litigation: (1) *Hangzhou Chic Intelligent Technology Co., LTD*, *v. Razor USA LLC* (No. 2:16-CV-06359 and No. 2:16-CV-03496) in the United States District Court in the Central District of California; and (2) *Hangzou Chic Intelligent Technology Co., LTD v. Swagway, LLC* (No. 3:17-cv-00339) in the United States District Court in the Northern District of Indiana. They also have a new lawsuit pending: (3) *Unicorn Global, Inc., Hangzhou Chic Intelligent Technology Co. LTD,*

*and Shenzen Uni-Sun Electronic Co., LTD, v. Hillo America, Inc. d/b/a Hoverheart* (No. 2:19-cv-03028) in the Central District of California.

34. In each of the previous lawsuits, the Defendants have raised a strong prior art defense, along with an equitable defense, from a kick starter campaign that attempted to raise money prior to beginning the appropriate patent process and that was not or may not have been disclosed to the USPTO.

35. In 2019, emails between GoLabs and Amazon.com employees informed GoLabs about complaints by both Defendants Unicorn and Chic to Amazon.com. Amazon.com then sought documentation from GoLabs and after reviewing the complaints by Unicorn and Chic and the documentation from all parties pulled Plaintiff's products. Through Amazon.com's emails to Plaintiff, Amazon.com decided to pull Plaintiff's products because of the patent infringement claims of Unicorn and Chic. Subsequent to pulling Plaintiff's products, Amazon.com put the products back up on the website.

36. Now, Chic, Unicorn and another business entity are suing both Amazon.com and Walmart in No. 3:19-CV-00754 in the Northern District of Texas.

37. Amazon.com is now, again, communicating with Plaintiff stating that they may be pulling Plaintiff's products yet again.

38. Finally, Defendant Chic itself is being sued, and based on information and belief Roger Hsu (attorney for the Plaintiff) is doing everything to perfect service on Chic, but Chic is NOT accepting service of process. This lawsuit (No. 2:19-CV-00665) *Interworks Unlimited, Inc. v. Hangzhou Chic*, which has been filed in the United States District Court for the Central District of California alleges at least 7 claims against Chic for what amounts to defective products provided to *Interworks* under a distribution agreement. The plaintiff is alleging over $5,000,000.00 in

damages, among which is an alleged $2,000,000.00 in returned products *See* Orig. Complaint, [Dkt #1] ¶¶ 3,15.

39. When factoring in these events, along with the Chinese Extortion outlined below, and all the bad acts complained of herein, Defendants are engaged in bad faith conduct wrongfully (tortious interference) of Plaintiff's ongoing contract/relationship with Amazon.com claiming that Plaintiff is engaged in infringement of the identified design patents.

**CHINESE EXTORTION**

40. At play, in these circumstances, there is a web of interconnected business entities attempting to sell or exchange limited rights (not exclusive rights necessary to sue without the inventor included) to their IP rights; then, abusively claiming infringement of those IP rights; and then attempting to force competitors or extort other companies, that also make hoverboards, to purchase a license to their design patent.

41. This network of interrelated companies does not file patent infringement lawsuits, but engage in a brute force style attack of systematically filling complaints with websites to intentionally interfere with other hoverboard sellers.

42. Defendant Unicorn is the subsidiary of Defendant SHENZEN HONGYI INTELLIGENT ELECTRONIC TECHNOLOGY CO., LTD, (hereinafter "Shenzen HongYi"), which appears to be operating under the trade name and *doing business as* FLYING-ANT.

43. Defendant Unicorn's website (http://usaunicorn.com/)[2] purports to have acquired IP rights from Defendant Hangzhou Chic for the year of 2019.

44. However, Defendant Unicorn appears to be a shell company.

---

[2] *See also* http://www.epctrading.com/.

45. Unicorn's California address, as reported on its website, 18333 Gale Avenue City Industry CA 91748, is an operation center for Defendant Shenzen HongYi and not Unicorn.

46. Based on information and belief it was CEO Mr. Hongrong Yu (CEO of Shenzen HongYi) that contacted the parent company for Plaintiff demanding money from Plaintiff and/or its parent company in order to allow Plaintiff to resume its business operations though *Amazon.com*. EXHIBIT A; EXHIBIT C.

47. Shenzen HongYi does not own a license for the products that it has been alleged that Plaintiff infringed upon, Unicorn does. And Shenzen HongYi actually doesn't own the patent Defendant Hangzhou Chic does.

48. Thereby, Defendant Hongrong Yu and/or Defendant Jing Cui (who is believed to be the spouse of Hongrong Yu) has attempted and attempted to extort monies from Plaintiff, which is a violation of Federal Civil Rico.

**THE OFFER PLAINTIFF COULDN'T REFUSE**

49. Based on information and belief, Defendants Yu and Chic used agents (including Unicorn and Cui) to send messages to coerce Plaintiff into paying them money otherwise they are going to prevent Plaintiff from selling their products on Amazon.com. Thereby, trying to take their property in the form of money.

50. Based on information and belief this tactic was turned to when Chic was not immediately successful in their *Razor* and *Swagway* lawsuits filed in California, both of which had been dismissed by 2018.

51. Defendants Chic, Yu, and Cui's clandestine use of backchannels to communicate their demands to GoLabs is extortion and the subsequent filing of complaints with Amazon.com and then litigation thereto is an act of bad faith given the multitude of factors addressed in this pleading.

52. But the specific series of events, reminiscent of what one might see in a movie like *The Godfather*, on or around October or November 2018, an agent of Chic contacted the manufacturer of GoTrax's products (an affiliated company) to pass along the message and to demand that GoLabs would have to pay for the right to do business in the United States. And that if Plaintiff did not pay, then Plaintiff would be stopped. The communicated demand was for money.

53. Plaintiff refused to pay these backchannel demands for money.

54. These events occurred before the presentation of EXHIBIT C.

55. Based on information and belief, Hongrong Yu, Jing Cui, Shenzen, or all sent agents through back channels to demand money from Plaintiff and force Plaintiff to sign a high license agreement ($20 of the online gross sale proceeds for products sold for $119 to $139) otherwise face continuous complaints, lawsuits, and legal action which is being brought in bad faith give the factors discussed herein.

## VII.
## CAUSES OF ACTION

56. Plaintiff incorporates by reference and realleges all prior paragraphs herein.

### A. Tortious Interference of Contract (Business Relationship)

57. Plaintiff is a seller of self-driving, two-wheel, electric hoverboards that are both self-balancing and automatic balancing. Plaintiff, *inter alia*, sells these hoverboards (brand name GoTrax; model names: ION and SRX) through the popular website *Amazon.com*, which are identified under an ASIN number.[3]

[3] B07G41YQRD, B07DXNCX6D, B07DXMH1QM, B07G41VRKZ, B07G42H6H2, B07G45C7QH, B07DXPSQ9BL, B07G42MMMC, and B07G499VJ2.

58. Plaintiff and *Amazon.com* have an existing agreement to sell the products on the *Amazon.com* website. Plaintiff and *Amazon.com* have a prospective business arrangement to continue selling products through their website.

59. Defendants Unicorn, Shenzen HongYi, Hangzhou Chic, Jing Cui, and Hongrong Yu are engaged in tortious interference by wrongfully claiming patent infringement without a good faith basis because the products are very clearly not alike, the inventors of the patent engaging in bad faith conduct to secure the patent in the first place through the USPTO (which have been raised by the defendants in the prior litigation), and where Chic has a history of filling lawsuits and then making quick settlements once the litigation begins.

60. Plaintiff has a patent (design) for its products in The People's Republic of China, No. 304834138 S. Plaintiff has a patent application for this Chinese patent pending, No. 29666794.

61. In 2018, Defendant Hangzhou Chic lodged numerous complaints wrongfully asserting that Plaintiff is engaged in conduct in violation of its property rights.

62. In 2019, Defendant Hangzhou Chic lodge numerous complaints wrongfully asserting that Plaintiff is engaged in conduct in violation of its property rights.[4]

63. In 2019, Defendant Unicorn lodged a complaint wrongfully asserting that Plaintiff is engaged in conduct in violation of its property rights, Complaint No. 5821326431.

64. Defendants Hangzhou Chic and Unicorn have wrongfully, willfully, and intentionally interfered in the business relationship and contract between Plaintiff and either of the Amazon Defendants or both. This bad conduct comes in the form of wrongfully transmitting cyber-attacks (the complaints), to Amazon, complaints that Plaintiff has violated their IP rights, which has

[4] Including, but not limited to, Complaint ID Nos. 5670542371, 5673681391, 5680697841, 5681455891, 571438401, and 5783494571.

induced Amazon into permanently removing Plaintiff's hoverboards from the *Amazon.com* website.

65. Defendant Unicorn is also a shell company for Defendant Shenzen HongYi, of which Defendant Hongrong Yu is the CEO of Defendant Shenzen HongYi. **EXHIBIT A.**

66. Defendant Shenzen HongYi is *d/b/a* Flying-Ant, but is operating Shenzen HongYi out of the principal business address listed for Defendant Unicorn: 18333 Gale Ave. City of Industry, CA 91748. Defendant Unicorn's website attributes Defendant Shenzen HongYi as its parent company.

67. Defendant Hongrong Yu is also the spearhead of these operations for which to undermine Plaintiff and its business operations in Texas through cyberwarfare rather than litigation. Based on information and belief, his wife, Jing Cui is also engaged in this same conduct.

68. This same course of conduct has caused at least one of the Amazon defendants, through its agents, to instruct Plaintiff, through its agents, that it needed to seek legal counsel because Plaintiff's appeals through *Amazon.com* are exhausted.

69. Since the hoverboard's removal from the *Amazon.com* website in early January, Plaintiff has been damaged their removal which was proximately caused by the wrongful, willful conduct, and erroneous complaints filed with *Amazon.com* to take the GoTrax products down. When the Plaintiff's products come down, they cannot make sells through *Amazon.com* and thereby suffer damages from loss of sales, which Plaintiff has a history of.

70. Defendants' independently tortious conduct is the wrongful and bad faith claims of having design patent rights under the alleged design patents. Under the totality of circumstances: the products do not at all look alike for a design patent, filling lawsuits and dissmissing them quickly, using shell companies to litigate in Texas but avoid being sued in the United States (*See Interworks Unlimited, Inc. v. Hangzhou Chic Intelligent Technology Co., Ltd*. No. 2:19-cv-00665 in United

States District Court for the Central District of California), and given the very valid defenses and bases to negate the patents (which Chic is aware of by this prior litigation), Chic and Unicorn still are making these erroneous complaints of infringement in bad faith.

71. Defendants interfered with Plaintiff's commercial rights to sell products and have routinely, wrongfully sued and induced amazon.com to stop selling Plaintiff's products, which has caused Amazon.com to tell Plaintiff that given the lawsuit and complaints they were pulling the products previously and may now do so again. Thus, Defendants Chic, Unicorn, Cui, and Yu's conduct has caused Amazon.com to pull products previously and possible again now, which when this happens Plaintiff is without the sales and profits from those sales.

**B. CIVIL RICO**

72. Plaintiff brings a claim pursuant to the Federal RACKETEER INFLUENCED AND CORRUPTIONS ACT. 18 U.S.C. § 1961-1968 *et. seq*.

73. Plaintiff is engaged in an interstate enterprise through the sell of the GoTrax products through Amazon.com which distributes these products throughout the United States.

74. Defendant Chic, Hongrong Yu, Jing Cui, or all through Unicorn and Shenzen HongYi, engaged in extortion under Texas law as a part of an overall plan to interfere with Plaintiff's sales through *Amazon.com* by filling false complaints to stop sales and then contacting through intermediaries and wrongfully demand for monies to cease the interference, as described above.

75. Defendants Chic, Hongrong Yu, Jing Cui, or all are or are engaged in a racketeering activity by engaging in extortion as defined under Texas law and California Law.

76. Extortion under Texas law is a consolidated theft offense. TEX. PEN. CODE ANN. § 31.02 (West 2017). Lack of "effective consent" includes, *inter alia*, inducement by coercion. *Id*. at § 31.01(3). Under the consolidated title of "theft," extortion in Texas is when "[a] person commits

an offense if he unlawfully appropriates property with intent to deprive the owner of property." *Id*. at § 31.03(a). Appropriation is unlawful if it is without the owner's effective consent. *Id*. at § 31.03(b). "Property" includes any intangible property and a document embodying something of value. *Id*. at § 31.01(5). In this instance, the Property is monies for payment for a *right to do un-interfered with business* in the United States.

77. When Chic, Hongrong Yu, Jing Cui, or all demand monies (when Shenzen HongYi didn't own the patent nor exclusive rights) engaged in making false and bad faith complaint to *Amazon.com* alleging patent infringement after having previously demanded monies/payment from Plaintiff to stop this course of activity and allow Plaintiff uninterrupted use of *Amazon.com*, they engaged in extortion, under Texas law, which is actionable under Federal Civil Rico. This was also done under the guise of EXHIBIT C, some sort of license contract between what would be Unicorn and Plaintiff. Thus, these defendants demanded monies (personal property) from Plaintiff otherwise face bad faith litigation and claims to Amazon.com.

78. But the specific series of events, reminiscent of what one might see in a movie like *The Godfather*, Chic' agent contacted the manufacturer of GoTrax's products (an affiliated company) to pass along the message and to demand that GoLabs would have for the right to do business in the United States. And that if Plaintiff did not pay then Plaintiff would be stopped.

79. These events occurred before the presentation of EXHIBIT C.

80. Based on information and belief, Chich Hongrong Yu, Jing Cui, Shenzen, or all sent these agents through back channels to demand money from Plaintiff and force Plaintiff to sign a high license agreement ($20 of the online gross sale proceeds for products sold for $119 to $139) otherwise face a lawsuit, which is being brought in bad faith give the factors discussed herein.

81. This course of conduct cost Plaintiff countless sales on the *Amazon.com* website and their rank as a number 1 (or high rank) seller. This has caused thousands of dollars of damages a day for two months. The wrongful demand for monies, in conjunction with bad faith demands for monies, bad faith complaints to Amazon.com, bad faith litigation, and the subsequent result in Amazon.com pulling Plaintiff's products has cost Plaintiff a loss in sales and rankings from Amazon.com, which is a material damage and loss. Wrongfully demanding these monies then acting in bad faith to hurt Plaintiff because Plaintiff wouldn't play ball is extortion under Texas law and therefore actionable under federal rico. Based on information and belief, the Defendants have been working together for this common objective and goal to hurt Plaintiff.

**C. DECLARATORY JUDGMENT**

82. Plaintiff brings a declaratory judgment action to declare that Plaintiff's hoverboards, which are identified in the table above and of which Defendants Chic and Unicorn are familiar with because they previously complained about these same products to Amazon.com and Walmart as infringing products, are not and do not infringe on the alleged patents that Plaintiff has identified above (that it knows of) and that Defendants Chic and Unicorn know about because they submitted complaint(s) to said companies, so they should be familiar with the products of Plaintiff's that were complained about and what patents the products allegedly infringe upon.

83. Plaintiff has identified to the best of its ability what products were in the substance of Defendant Chic's and Unicorn's complaints and what patents were allegedly being infringed upon.

84. Plaintiff brings an action for declaratory judgment pursuant to the United States Code to DECLARE that as to Design Patent No. D785,122 (" '122")and No. D738,256 (" '256") that:

a. Plaintiff has not infringed on patents '122, '256, or both;

b. Plaintiff's products do not infringe on patents '122, '256, or both; and

c. Plaintiff's products have not infringed on patents '122, '256, or both via the 2019 email complaints to Amazon.com and units sold thereto.

85. There is an actual controversy as to whether Plaintiff infringes on patents '122 and '256 in its sales of products through Amazon.com.

86. Plaintiff has not infringed on any valid or enforceable claims as to '122 and '256 patents.

87. Plaintiffs thus seeks declaratory judgment thereto.

## VIII.
## CONDITIONS PRECEDENT

88. Plaintiff incorporates and re-alleges, by reference, all prior paragraphs herein.

89. All conditions precedent to file suit have been satisfied.

## IX.
## DAMAGES & ATTORNEY'S FEES

90. Plaintiff incorporate and re-allege, by reference, all prior paragraphs herein.

91. Plaintiff is entitled the loss of man hours or labor hours spent (from their normal or regular business activities) to respond to the repeated and systematic false complaints lodged by Defendants.

92. Plaintiff is entitled to all the lost sales, beginning in early 2019 to date, when the Amazon company and website (https://www.amazon.com) removed Plaintiff's products from the popular *amazon.com* website. Nearly two months of sales have been lost and sales fluctuate from $2,000 to $6,000 dollars per day, if not spiking to be more.

93. Plaintiff lost its number 1 or high rank status on the *Amazon.com* website, as a seller, and such loss of status is a thing of value and it may not return to that high rank status right away, but because of Defendants Hangzhou and Unicorn's conduct, Plaintiff is damaged by the loss of this status and position.

94. Pursuant to Civil Rico, Plaintiff is entitled to statutory treble (three fold) of actual damages, reasonable attorney's fees, and all costs of suit. *See* 18 U.S.C. § 1964(c).

95. Exemplary damages for Defendant Unicorn and Defendant Hangzhou Chic's conduct. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a) (West 2017). Plaintiff is entitled to Exemplary Damages because Defendants acted with malice, ill will, bad or evil motive, or with such gross indifference to or reckless disregard of the rights of others as amounts to willful or wanton act; or because Defendants engaged in wrongful conduct that is intentional and without just cause or excuse, regardless of whether there is additional evidence of ill will or an intent to injure. *See* *Courtesy Pontiac, Inc. v. Ragsdale*, 532 S.W.2d 118, 121 (Tex. Civ. App.—Tyler 1975, writ ref'd n.r.e.).

96. Attorney's fees pursuant to Federal Declaratory Judgment Act.

**PRAYER**

**WHEREFORE, premises considered**, Plaintiff requests that this Court compel Defendants to answer and appear and upon trial on the merits GRANT Plaintiff the following relief:

i. Judgment for actual and consequential damages within this Court's jurisdictional limits;

ii. Post- and prejudgment interest to the maximum extent provided by law;

iii. Reasonable Attorney's Fees, Costs of Court, and Costs of Litigation;

iv. Statutory Damages;

v. Statutory Treble Damages;

vi. Declaratory Judgment;

vii. Exemplary damages to the maximum extent provide by law; and

viii. Any other relief in law or equity to which the Plaintiff is entitled.

Respectfully Submitted,

By: /s/ *William Chu*
William Chu (Lead Counsel)
Tex. Bar No. 04241000
wmchulaw@aol.com
Salina Tariq
Tex. Bar No. 24086470
Stariq.wmchulaw@gmail.com
William Knisley
Tex. Bar. No. 24095728
knisley.wmchulaw@gmail.com

**THE LAW OFFICES OF WILLIAM CHU**
4455 LBJ Freeway, Suite 1008
Dallas, Texas 75244
T: (972) 392-9888
F: (972) 392-9889
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of this document was e-served on Counsel for Defendants through the ECF for the Northern District of Texas on May 20, 2019, to their email addresses on file.

Wallace Dunwoody
Mike Wilson

/s/William Chu
William Chu