IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GOLABS, INC., d/b/a GOTRAX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1019-N |
| | § | |
| HANGZHOU CHIC INTELLIGENT | § | |
| TECHNOLOGY CO., LTD, et al., | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Unicorn Global, Inc.'s ("Unicorn") Rule 12(b)(6) motion to dismiss [8] Plaintiff GoLabs, Inc. d/b/a GoTrax's ("GoLabs") claims. For the reasons below, the Court grants the motion to dismiss.

## I. ORIGINS OF THE PATENT DISPUTE

This action is one of two currently pending lawsuits between GoLabs and Unicorn, among other parties, regarding GoLabs's and Hangzhou Chic Intelligent Technology Co., Ltd.'s ("Hangzhou Chic") patents for hoverboards. Both GoLabs and Hangzhou Chic sell and produce hoverboards, which are two-wheeled, self-balancing vehicles. Compl. 4–6 [5]. GoLabs sells its hoverboard products through third-party sellers, including Amazon. *Id.* Unicorn is a subsidiary of Hangzhou Chic and claims, via its website, that it acquired IP rights from Hangzhou Chic for 2019. *Id.* at 7, 10. Beginning in 2018 and continuing through February 2019, Hangzhou Chic began lodging complaints with Amazon, asserting that GoLabs's hoverboards infringed on Hangzhou Chic's design patents. *Id.* at 5. Unicorn

MEMORANDUM OPINION AND ORDER – PAGE 1

filed one complaint with Amazon on February 22, 2019, alleging infringement of one of the design patents previously asserted by Hangzhou Chic. *Id.* at 6–7.

In January 2019, Amazon delisted several Golabs hoverboards for over two months but eventually relisted the products. *Id.* at 4, 9. After Hangzhou Chic and Unicorn filed suit in this Court against GoLabs and two of its third-party sellers, Amazon and Wal-Mart, Amazon communicated to GoLabs that it was again considering delisting its products. *Id.* at 9. Subsequently, GoLabs filed its own suit in this Court against Unicorn and other defendants, alleging tortious interference with contract and a civil RICO claim. Unicorn now seeks dismissal of the claims against it.[1]

## II. RULE 12(B)(6) LEGAL STANDARD

When addressing a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.

---

[1] Unicorn's motion to dismiss states it seeks dismissal of "the claims asserted against it in the complaint" but addresses only the tortious interference and civil RICO claims. Unicorn's Mot. Dismiss 1 [8]. GoLabs's complaint also raises a declaratory claim, however. Compl. 17– 8 [5]. Because the parties have not addressed or briefed this claim, the Court declines to dismiss it.

*Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### III. THE COURT GRANTS THE MOTION TO DISMISS GOLABS'S CLAIMS

#### A. *Golabs Has Not Stated a Claim for Tortious Interference With Contract*

Under Texas law, a party claiming tortious interference with contract must show "(1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs.*, Inc., 29 S.W.3d 74, 77 (Tex. 2000). Some early Texas cases suggest it is possible to tortiously interfere with contracts even if they could be ended at-will without breach. *See Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 666 (Tex. 1990); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex. 1989). The Texas Supreme Court has recently clarified, however, that tortious interference with contract requires a breach of contract. *El Paso Healthcare Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017). In *El Paso Healthcare Ltd. v. Murphy*, the Court did not overrule its earlier cases but did synthesize prior caselaw that suggested the "terminable-at-will status of a contract is no defense to an action for tortious interference with its performance" by noting those cases "involved claims for interference with *prospective* business relations." *Id.* at 421, fn.6.

MEMORANDUM OPINION AND ORDER – PAGE 3

Here, the answer and counterclaims do not allege that Unicorn's interference with GoLabs's business relations led Amazon to breach its contract with GoLabs. While the complaint also states that Unicorn interfered with GoLabs's prospective business relations with Amazon, interference with prospective business relations requires the existence of an independent tort or illegal act. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex. 2001). GoLabs has not alleged an independent tort or illegal act, as the Court holds that it has not successfully stated a civil RICO claim. Consequently, Unicorn's communication with Amazon and Amazon's decision to delist Golabs' products from its site, even if prompted in part by Unicorn's action, are not sufficient to establish tortious interference with contract or prospective business relations. The Court dismisses this claim as to Unicorn.

### B. Golabs Has Not Stated A Civil RICO Claim

To state a civil claim under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), a plaintiff must plead that the defendant is "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (internal quotations omitted). A "pattern of racketeering activity" requires "two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.* Both federal and state criminal offense qualify as predicate criminal acts for civil RICO claims. *Id.*

Under Texas law, criminal extortion occurs if a person "unlawfully appropriates property with intent to deprive the owner of property" without the owner's consent. TEX.

MEMORANDUM OPINION AND ORDER – PAGE 4

PENAL CODE § 31.03(a), (b)(1).  "'Appropriate' means: (A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or (B) to acquire or otherwise *exercise control* over property other than real property."  TEX. PENAL CODE § 31.01(4) (emphasis added).  A party "exercises control" over another's property within the meaning of this statute if it deprives the owner of the property without consent, "regardless of whether the defendant at that moment has taken possession." *Stewart v. State*, 44 S.W.3d 582, 589 (Tex. Crim. App. 2001) (en banc).

GoLabs's complaint alleges that Unicorn, in connection with the other defendants, attempted to extort GoLabs by pressuring it to accept a "high license agreement" or face both litigation and Unicorn's continuous efforts to have its products removed from Amazon.  Compl. 16 [5].  Specifically, GoLabs alleges that a Hangzhou Chic agent communicated in November 2018 that GoLabs "would have to pay for the right to do business" and would be stopped if it did not.  *Id.* at 12.  GoLabs also asserts that Unicorn made good on its threats by filing a complaint with Amazon, after which Amazon removed GoLabs's hoverboards from its site, and filing a lawsuit against GoLabs and its third-party sellers.  The Court holds that these factual allegations are insufficient to show that Unicorn appropriated any GoLabs property.

GoLabs argues in its response that Unicorn "exercised control" over its hoverboard products by getting them pulled from Amazon's site.  GoLabs's Resp. Mot. Dismiss 10 [10].  The Court rejects this theory.  Any action Amazon independently took to delist Golabs's products, even if prompted by Unicorn's complaint, does not equate to Unicorn exercising control over those products.  Amazon is not a subsidiary or agent of Unicorn.

Further, Amazon's delisting of Golabs's hoverboards is at best connected to Unicorn's communication with Amazon but is in no way caused by Unicorn's alleged threats to GoLabs and attempts to acquire a licensing agreement from GoLabs —the behavior allegedly constituting extortion. *See Stewart*, 44 S.W.3d at 589 ("Appellant 'exercise[d] control' over the property and committed the theft when, *by his threats, he caused the complainant to release the money*.") (emphasis added). There are no allegations that GoLabs's signed a licensing agreement with Unicorn or paid Unicorn any amount of money.[2] While GoLabs complains that Unicorn's actions cost it sales on Amazon and lost profits, these consequences do not amount to appropriation of or control over GoLabs's property by Unicorn. The Court thus holds that GoLabs has not stated a civil RICO claim because it has failed to show a predicate criminal offense.

## CONCLUSION

The Court grants Unicorn's motion to dismiss both GoLabs's tortious interference and civil RICO claims against Unicorn.

Signed March 20, 2020.

_David C. Godbey_
David C. Godbey
United States District Judge

---

[2] Additionally, there are no facts suggesting that GoLabs had a property right to have its products listed on Amazon's online site for a set period of time. Even if GoLabs did have a contractual right to have its products continuously listed, Unicorn's alleged extortion was directed towards GoLabs. Actions that Amazon itself took based on patent infringement complaints made to it are not linked to any actions GoLabs may have taken as a result of the alleged extortion attempt directed towards it.